# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GARY D. BICE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:18CV282 HEA |
| JOHN JORDAN, | ) ) ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of Gary D. Bice, prison registration number 177348, for leave to commence this civil action without prepayment of the required filing fee. The motion will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

Bice, a prisoner and a frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of Court files reveals that Bice has had three or more dismissals that qualify as strikes under the statute. *See Bice v. Ester*, No. 1:10-cv-93-SNLJ (E.D. Mo. Sept. 13, 2010); *Bice v. Commission or Directors of Cape Girardeau City Police Dept.*, No. 1:11-cv-27-SNLJ

(E.D. Mo. Feb. 25, 2011); and *Bice v. Eastest*, 1:13-cv-181 SNLJ (E.D. Mo. Mar. 26, 2014). Therefore, he may only proceed *in forma pauperis* in this action if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the case at bar, Bice's allegations stem from unauthorized withdrawals from his bank account, and the defendant's failure to respond to his request to investigate the matter and prosecute the people involved. He asks this Court to order that charges be filed and his money be replaced, and he seeks $10,000 in monetary damages.

Nothing in the complaint permits the conclusion that Bice is under imminent danger of serious physical injury. The Court will therefore deny the instant motion, and dismiss this case without prejudice to the filing of a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Gary D. Bice's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Gary D. Bice's motion for the appointment of counsel (Docket No. 4) is **DENIED** as moot.

Dated this 28th day of November, 2018.

                HENRY EDWARD AUTREY
                UNITED STATES DISTRICT JUDGE